FILED
April 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002542220

Michael H. Meyer, Esq. #82336
Chapter 13 Trustee
PO BOX 28950
Fresno, CA 93729-8950
Telephone (559) 275-9512
Fax (559) 275-9518

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

Victor Cruz

       Debtor

Case No.: 10-11769-A-13K

DC NO. MHM-1

CHAPTER 13

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS CHAPTER 13 PLAN

DATE: April 29, 2010
TIME: 09:00 AM

PLACE: U.S. Courthouse
1300 18th Street
Suite A
Bakersfield. Ca 93301-

JUDGE: HON. Whitney Rimel

MICHAEL H. MEYER, Chapter 13 Trustee in the above referenced matter, objects to confirmation of Debtor's Chapter 13 Plan on the following grounds:

## I.
## BASIS OF OBJECTION

The Trustee's objection to confirmation is made on the following grounds:

1. The Debtor's plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C. §1322(b)(2)]

2. The Debtor's plan has not been proposed in good faith. [11 U.S.C. §1325(a)(3)]

3. The Debtor's plan fails to provide for the value, as the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor was liquidated under a Chapter 7 of this title on such date. [11 U.S.C. §1325(a)(4)]

-1-

4. The Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C. §1325(a)(6)]

5. The action of the debtor in filing the petition was in bad faith. [11 U.S.C. §1325(a)(7)]

6. Failure to commence making timely payments pursuant to 11 U.S.C. §1326. [11 U.S.C. §1307(c)(4)]

7. There has been an unreasonable delay by Debtor that is prejudicial to creditors. [11 U.S.C §1307(c)(1)]

## FACTS

(1) The debtor has a 1st deed of trust to BSI financing. The mortgage is in arrears based on the schedules $20,649.00. The debtor has placed the creditor in class one but wants to pay the on-going mortgage direct. The debtor testified that he does not live in the house but his brother in law lives there and makes the payments. This is not the debtor's residence and is not necessary for reorganization. The debtor is self employed and does not make sufficient monies to fund a plan. The debtors plan is not feasible and the debtor will be unable to make the payments direct.

(2) The debtor's exemptions are incorrect.

(3) The debtor has made no payments to the trustee.

## III.
## POINTS AND AUTHORITIES

11 U.S.C. §1322(a) provides that a plan shall provide for certain payments to creditors and for payment of claims within specified classes. Pursuant to 11 U.S.C. §1325(a)(1) the Court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title.

The debtor carries the burden of proving, by a preponderance of the evidence that the plan complies with the statutory requirements of confirmation. In re Arnold and Baker Farms, 177 B.R.

648, 654 (9TH Cir. BAP 1994), In re Warren, 89 B.R. 87, 93 (9th Cir. B.A.P 1988); In re Wolff, 22 B.R. 510, 512 (9th Cir. 1982)

11 U.S.C. §1325(a) provides that the Court shall confirm a plan if certain criteria set forth in §1325(a) is met.

**WHEREFORE**, the Trustee requests that the Trustee's objection to confirmation of the plan be sustained.

Respectfully submitted,

Dated: 4/7/10

/S/ MICHAEL H. MEYER
MICHAEL H. MEYER
Chapter 13 Trustee